## EMERY et al. v. EMERY.

### No. 3404.

Court of Civil Appeals of Texas. El Paso.

Sept. 24, 1936.

Rehearing Denied Oct. 22, 1936.

See, also, 75 S.W.(2d) 725.

Geo. K. Holland and Spafford & Spafford, all of Dallas, for appellant.

A. C. Scurlock and Crane & Crane, all of Dallas, for appellee.

PELPHREY, Chief Justice.

On October 15, 1933, appellee recovered a judgment against Eva K. Emery, individually and as guardian of the estate of Cid Emery, non compos mentis, for the title and possession of a certain lot in Dallas, Tex. The title and possession was vested in appellee upon the condition that he pay to Mrs. Emery the sum of $647 within 90 days after the date the judgment should become final.

Prior to the trial of the case Mrs. Emery had paid off a lien in favor of the Dallas Bank & Trust Company against the property amounting to $1,750. In the payment of such amount she used the sum of $700 borrowed from her sister Mrs. A. Knaur.

On April 24, 1935, appellee filed this suit of interpleader against Mrs. Emery, individually and as guardian of the estate of Cid Emery, and Mrs. Knaur, to have determined to whom the $647 should be paid and asking for $200 attorney's fees.

Appellee alleged that after the judgment in his favor he had been informed that Mrs. Knaur was claiming to be subrogated to the rights of the Dallas Bank & Trust Company by virtue of having advanced all or part of the money paid to it; that he knew nothing of the subrogation claim of Mrs. Knaur until long after the judgment had been rendered; that he was not advised as to whether Mrs. Knaur had advanced the money under such circumstances as would result in her being subrogated to the lien of the bank, but that, inasmuch as any interest in or lien which she might have on his property by reason of the transaction grew out of a loan made

by her to Mrs. Emery in which he had no interest, he was entitled to have the sum of $647, the payment required of him by the judgment, applied to the cancellation and satisfaction of any liens against the property, if such should be found to exist, securing the claim of Mrs. Knaur so that title to the property would be vested in him free and clear of any liens or claims originating by or through Mrs. Emery as in the judgment provided.

Mrs. Emery and Mrs. Knaur answered by pleas in abatement, special exceptions, general demurrer, and general denials.

Upon a hearing the trial court rendered judgment that Mrs. Knaur take nothing; allowing the bill of interpleader as prayed for by appellee, and that he recover his costs and attorney's fees in the sum of $100.

From this judgment, Mrs. Emery, individually, and as guardian of the estate of Cid Emery, has appealed.

### Opinion.

Before a person will be deemed to be in a position to ask for an order of interpleader, he must be prepared to show (1) that he has been subjected to the conflicting claims of two or more persons, and that the claims relate to the same debt or property; (2) that he is liable to one of the claimants but is honestly in doubt as to which of them has the prior right; (3) that he is entirely impartial in the matter; and (4) that he has not become independently liable to any of the claimants. 25 Tex.Jur. § 3, pp. 52, 53.

It has been said by Pomeroy in his work on Equitable Remedies, vol. 1, § 39, p. 67: "The supreme object of an interpleader is to protect the plaintiff—the stakeholder—and not the claimants against him; to protect him from the danger and vexation of two opposing suits for the same demand by those claimants while he is ready and willing to pay the demand to the one who is judicially ascertained to be entitled to it."

It thus clearly appears that a petition seeking relief other than that embodied in a determination of the rights of the defendants in the fund held by the petitioner does not come within the provisions of our law relative to interpleader.

In the case at bar, as we understand appellee's petition, he is seeking to have Mrs. Knaur come into court and establish, if she can, her right to be subrogated to the lien held by the bank on the property, which he is to receive, and, if she establishes such right, that the $647 which he is required by the judgment to pay shall be applied to the discharge of her lien.

These purposes are entirely foreign to those for which interpleader is intended, and the trial court should have sustained the general demurrer of appellants to the petition.

Furthermore, the evidence introduced and the argument advanced by appellee in his brief show such to have been the purpose of the suit.

It was also incumbent upon appellee to allege and prove that Mrs. Knaur was claiming the fund which he held. This we think he failed to do. It is true that he alleged that she was claiming the $647, but the facts stated to show such claim were entirely insufficient. The claim of being subrogated to the lien of the bank would certainly give her no lien on or right to the money held by appellee.

In accordance with the views, the judgment of the trial court granting the interpleader must be reversed, and judgment here rendered that appellee recover neither costs of suit nor attorney's fees.